

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **VS.** | § § | **CASE NO. 1:08-CR-25(1)** |
| **EFREN GONZALEZ-SOLIS** | § § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On June 10, 2008, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Efren Gonzalez-Solis, on **Count I** of the charging Indictment filed in this cause. Count I of the Indictment charges that on or about February 28, 2008, Efren Gonzalez-Solis a/k/a Efren Solis-Gonzalez, Defendant herein, an alien who previously been denied admission, excluded, deported and removed from the United States,

after being convicted of a felony, to wit: Conspiracy with Intent to Distribute, in Cause Number 97-47-1, in the United States District Court, Eastern District of Louisiana, on April 9, 1997, and and was thereafter found unlawfully in the United States, to wit: in Jefferson County, in the Eastern District of Texas, said defendant not having received the express consent of the Attorney General, and the Secretary of Homeland Security, the successor pursuant to United States Code, Title 6, for reapplication for admission to the United States, in violation of Title 8, United States Code, Section 1326(a). *See Indictment.*

Defendant, Efren Gonzalez-Solis, entered a plea of guilty to Count I of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

    c.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant plea is voluntary and did not result

from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

  d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 8 U.S.C. § 1326(a).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the government presented the following evidence. *See Factual Basis and Stipulation.* In support, the Government would prove that Defendant, Efren Gonzalez-Solis, is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas and elsewhere. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. Specifically, the Government would prove the following stipulated facts:

On February 28, 2008, officials from various local and federal agencies encountered this defendant, Efren Gonzalez-Solis a/k/a Efren Solis-Gonzalez, at the Port of Port Arthur, which is within the Eastern District of Texas. Bureau of Immigration, Customs and Enforcement (ICE) Agents questioned Gonzalez-Solis and he admitted that he was a citizen and national of Mexico but claimed to have immigration status to be in the United States.

A search of the ICE databases revealed that this defendant, Efren Gonzalez-Solis, was a citizen and national of Mexico but did not have proper immigration status to enter or remain in

the United States. Additionally, the search revealed that Gonzalez-Solis had been previously removed from the United States on June 19, 2000. The records would further show that prior to this deportation, Efren Gonzalez-Solis, was finally convicted of the offense of Conspiracy to Possess with Intent to Distribute Marihuana and Conspiracy to Launder Money, in Cause Number 97-47-1, in the United States District Court, Eastern District of Louisiana on April 9, 1997.

A further search of the ICE records confirmed that Gonzalez-Solis did not apply for or receive permission from the United States Attorney General or the Secretary of Homeland Security to re-enter the United States after being deported. It was further confirmed that the Defendant, Efren Gonzalez-Solis, is the same person who was deported from the United States on the above-stated date in that the fingerprint provided by Efren Gonzalez-Solis' original warrant of deportation and were found to be match.

Defendant, Efren Gonzalez-Solis, agreed with the above-stated facts. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count I** of the charging **Indictment** on file in this criminal

proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Efren Gonzalez-Solis, a/k/a Efren Solis-Gonzalez, be finally adjudged as guilty of the charged offense under Title 8, United States Code, Section 1326.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 10th day of June, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE
